UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW LAYNE WELLINGTON,

    Petitioner,

v.

UTTECHT,

    Respondent.

CASE NO. 3:20-cv-06238-JLR-JRC

REPORT AND RECOMMENDATION

NOTED FOR: June 25, 2021

    The District Court has referred this action to Chief United States Magistrate Judge J. Richard Creatura. Petitioner filed his amended federal habeas petition ("petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 3. The Court concludes that the petition is time-barred and recommends that the petition be dismissed with prejudice.

## BACKGROUND

    Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea on two counts of rape of a child in the first degree. Dkt. 11, Exhibit 1,

2, 3, 4. Petitioner appealed, and the Washington Court of Appeals affirmed his sentence. Dkt. 11, Exhibit 5, 6, 7. Petitioner did not seek review by the Washington Supreme Court, and the Washington Court of Appeals issued its mandate on February 23, 2017. Dkt. 11, Exhibit 8. Petitioner did not file a state court collateral challenge.

On December 22, 2020 petitioner filed this petition pursuant to § 2254. Dkt. 1, 3. Petitioner raises four grounds for relief all based on his claim that he is unlawfully detained, and that the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 3. On April 14, 2021, respondent filed an answer, wherein he maintains that the petition is time-barred and should be dismissed with prejudice. Dkt. 10, 11. In the alternative, respondent argues that the petition is unexhausted and procedurally barred. *See id.* Petitioner did not file a traverse.

I.   **Discussion**

   A.   *Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005). If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001).

Here, the Washington Court of Appeals affirmed petitioner's judgment and sentence on direct appeal on December 28, 2016. Dkt. 11, Exhibit 7. Petitioner had thirty days from that date

to seek review by the Washington Supreme Court. RAP 13.4(a). Petitioner did not seek review by the Washington Supreme Court, and the time for doing so expired on January 27, 2017. Therefore, petitioner's judgment and sentence became final for purposes of the statute of limitations on January 27, 2017.

The AEDPA limitations period began running on or about January 28, 2017. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (AEDPA limitations period begins to run the day after the conviction is final). The one-year statute of limitations expired one year later on or about January 28, 2018. Petitioner did not file the petition until December 22, 2020, which was well after the limitations period expired. *See* Dkt. 1, 3. As the record reflects that the petition was filed after the statute of limitations had run, the petition is untimely.

    B.  *Statutory and Equitable Tolling*

The AEDPA limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, petitioner did not a collateral challenge in state court, and thus, statutory tolling does not apply.

The AEDPA limitations period is also subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

In the petition, petitioner argues that the AEDPA limitations period is "not applicable" to his petition and that the state court did not have jurisdiction over his case. Dkt. 3. However, petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkt. 3.

1   Therefore, petitioner fails to show that he is entitled to statutory or equitable tolling, and the
2   petition is barred by the AEDPA limitations period.

3   **II.   Evidentiary Hearing**

4   The decision to hold an evidentiary hearing is committed to the Court's discretion.
5   *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a
6   hearing could enable an applicant to prove the petition's factual allegations, which, if true, would
7   entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is
8   available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the
9   state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not
10  entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the
11  record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district
12  court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to
13  hold an evidentiary hearing in this case because, as discussed in this report and recommendation,
14  the petition may be resolved on the existing state court record.

15  **III.  Certificate of Appealability**

16  A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district
17  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability
18  (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability
19  may issue . . . only if the [petitioner] has made a substantial showing of the denial of a
20  constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating
21  that jurists of reason could disagree with the district court's resolution of his constitutional
22  claims or that jurists could conclude the issues presented are adequate to deserve encouragement
23  to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,
24

529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

### IV.    Conclusion

The petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June 25, 2021 as noted in the caption.

Dated this 7th day of June, 2021.

J. Richard Creatura
Chief United States Magistrate Judge